UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Derrick Prophet,

    Plaintiff,

        v.                                    Case No. 1:11cv387

United States Government,                Judge Michael R. Barrett

    Defendant.

## ORDER

This matter is before the Court on the Report and Recommendation ("R&R") filed by the Magistrate Judge on June 20, 2011.  (Doc. 4.)

Proper notice has been given to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner.  *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Plaintiff filed timely objections to the Magistrate Judge's R&R (Doc. 6) and subsequently filed two Supplemental Memoranda (Docs. 7, 8).

Plaintiff is proceeding in this matter *pro se.*  Plaintiff's claims are grounded on the allegation that the United States government has issued invalid identification documents in his name.  (Doc. 3.)  Specifically, Plaintiff claims that the names on his birth certificate, Social Security card, and state identification are acronyms or expressions according to a handbook published by NASA concerning grammar, punctuation and capitalization because his name appears in full capital letters on these documents.  (Id.)  Plaintiff seeks: (1) to have the names on these documents printed with the first letter capitalized, and the remaining letters lowercase; and (2) compensation in the amount of $20 million.  (Id.)

Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Magistrate Judge reviewed this matter *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires that this Court dismiss Plaintiff's case at any time the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a named defendant who is immune from such relief. The Magistrate Judge concluded that Plaintiff has failed to assert any claim with an arguable basis in law over which this Court has subject matter jurisdiction. The Magistrate Judge explained that the Complaint fails to allege any particular fact showing that the United States violated Plaintiff's rights under federal law. In addition, the Magistrate Judge explained that the United States is immune from suit except where such immunity has been waived by statute. The Magistrate Judge recommends that Plaintiff's Complaint be dismissed with prejudice; and any appeal of an order adopting the R&R would not be in good faith.

In his objections, Plaintiff repeats his argument that according to the handbook published by NASA, "all capital letters are valid for expression, abbreviation, or acronym but not a person's name." (Doc. 6.) Plaintiff also argues that the Magistrate Judge's recommendation that an appeal of an order adopting the R&R would not be in good faith is premature. (Id.) Plaintiff cites to "[t]he United Nations 'Declaration for Rights of Indigenous People' article 33 & 21 (A/RES/61/295)" for the proposition that "Indigenous people have a right to determine their own identity." (Id.) Plaintiff argues as an "Indigenous man," he should be allowed to determine his own "social condition." (Id.) Plaintiff has also provided the Court with copies of his Ohio driver's license, Social Security card, and birth certificate issued by the State of Ohio. (Doc. 7.) Finally, Plaintiff asks that

this matter be transferred to the United Nations for review. (Doc. 8.)

To the extent that Plaintiff is repeating his argument that he has a claim based upon the handbook published by NASA, the Magistrate Judge correctly found that Plaintiff has failed to state a claim. The Court also finds that any appeal of this ruling would not be taken in good faith.

To the extent that Plaintiff is arguing that he has a claim based upon the United Nation's Declaration on the Rights of Indigenous Peoples, the Court finds that Plaintiff also fails to state a claim. The United States initially voted against the adoption of the Declaration on the Rights of Indigenous Peoples. *See* UN Permanent Forum on Indigenous Issues, http://www.un.org/esa/socdev/unpfii/en/declaration.html (last visited Oct. 5, 2011). However, the United States has since reversed its position. (Id.) Nevertheless, a declaration by the United Nations is generally aspirational and not intended to be binding on member States of the United Nations. *See Flores v. Southern Peru Copper Corp.*, 414 F.3d 233, 259 (2d Cir. 2003) (explaining that as a general rule, "General Assembly resolutions and declarations do not have the power to bind member States because the member States specifically denied the General Assembly that power"); *see also Sosa v. Alvarez-Machain*, 542 U.S. 692, 733-34 (2004) (explaining that the UN's Universal Declaration of Human Rights "does not of its own force impose obligations as a matter of international law" and cannot support creation of cause of action).

Having reviewed this matter *de novo* pursuant to 28 U.S.C. § 636, this Court finds the Magistrate Judge's R&R to be correct. Accordingly, it is **ORDERED** that the June 20, 2011 R&R of the Magistrate Judge (Doc. 4) is hereby **ADOPTED**:

1. The Complaint is **DISMISSED** with prejudice;

2. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of this Order would not be taken in "good faith," and, therefore, Petitioner is **DENIED** leave to proceed on appeal *in forma pauperis*; and

3. This matter shall be **CLOSED** and **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

                                                    */s/ Michael R. Barrett*
                                                    Michael R. Barrett
                                                    United States District Judge